UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHIE ALLISON, et al.,

       Plaintiffs,

                                            File No.  5:03-CV-156

v.

                                            HON. ROBERT HOLMES BELL

CITY OF EAST LANSING,

       Defendant.

                                         /

# **O P I N I O N**

       This civil rights action was tried to a jury and resulted in a jury verdict in favor of Plaintiffs in the aggregate amount of $480,000.  This matter is currently before the Court on Plaintiffs' motion for entry of final judgment.  Through this motion Plaintiffs seek, in addition to the verdict of $480,000, billable costs in the amount of $4,833.16, prejudgment interest pursuant to M.C.L. § 600.6013 in the amount of $41,667.02, attorney fees pursuant to 42 U.S.C. § 1988 in the amount of $98,680.00, and attorney fees as case evaluation sanctions pursuant to L. CIV. R. 16.5 in the amount of $35,480.00.  Defendant City of Lansing opposes Plaintiffs' motion.

**I.**

       Plaintiffs have requested the Court to allow $4,833.16 in taxable costs.  Costs are generally allowed as a matter of course to the prevailing party.  FED. R. CIV. P. 54(d).  The expenses that a federal court may tax as costs under Rule 54(d) are enumerated in 28 U.S.C.

§ 1920.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 437 (1987).  In reviewing a request for taxation of costs, a court must look "first to whether the expenses are allowable cost items and then to whether the amounts are reasonable and necessary."  *Jefferson v. Jefferson County Public School System*, 360 F.3d 583, 591 (6th Cir. 2004).  The prevailing party has the burden of establishing that the expenses it seeks to have taxed as costs "are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920."  *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995).

Plaintiffs have requested this Court to tax as costs $331.72 for mileage to Grand Rapids and parking.  There is no provision in § 1920 authorizing the Court to tax travel costs associated with the attorney's attendance at court.  Such costs are, however, recoverable under 42 U.S.C. § 1988.  *See Northcross v. Bd. of Educ. Of Memphis City Schools*, 611 F.2d 624, 639 (6th Cir. 1979).  Accordingly, the Court will disallow the costs requested for mileage and parking under § 1920, but will allow these costs under § 1988.

Plaintiffs have also requested this Court to tax as costs $32.10 for copying unspecified records.  Although § 1920 permits taxation of fees for exemplification and copies of papers necessarily obtained for use in the case, Plaintiffs have not provided sufficient detail to enable the court to determine whether the unspecified records were necessary.  This cost will also be disallowed.

Defendant has objected to the taxation of certain deposition costs because the depositions were not filed for or used at trial.  Allowable costs include "[f]ees of the court

reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). "Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Id.* It is generally understood that "a deposition may be reasonably necessary if it is used in connection with a successful motion for summary judgment." *Kaimowitz v. Howard*, 547 F. Supp. 1345, 1353 (E.D. Mich. 1982). Many of the depositions Plaintiffs seek to tax were referenced in the briefing on the summary judgment motions. Moreover, because of the factual complexity of this case and the combined response to the perceived biological hazard by Michigan State University and the City of Lansing, the Court is satisfied that the depositions were reasonably deemed necessary at the time of their taking.

Defendant has also objected to the taxation of witness fees because only one of the four witnesses to whom fees were paid was actually called by Plaintiffs at trial. The Court's records reflect that two of the witnesses were called by Plaintiffs and one by Defendant. Again, the Court is satisfied that Plaintiffs could reasonably have believed the witnesses were necessary when they were subpoenaed for trial.

The remaining costs are taxable. Accordingly, the Court will reduce Plaintiffs' bill of costs by $363.82 and will allow $4,469.34 in taxable costs.

## II.

Plaintiffs request the Court to add prejudgment interest in the amount of $41,667.02 pursuant to the Michigan judgment interest statute, M.C.L. § 600.6013.

This case went to the jury on the single issue of whether the City of East Lansing was liable under a 42 U.S.C. § 1983 failure to train claim. Plaintiffs have cited no authority to support their claim to prejudgment interest other than the state statute. The Court is aware of no authority for applying the Michigan judgment interest statute to a judgment on a federal claim in federal court. *See Wojtkowski v. Cade* 725 F.2d 127, 129 (1st Cir. 1984); *Americans United for Separation of Church and State v. Grand Rapids Sch. Dist.*, 717 F. Supp. 488 n.9 (W.D. Mich. 1989) (Enslen, J.). Plaintiffs' request for prejudgment interest will accordingly be denied.

## III.

Plaintiffs seek attorney fees pursuant to 42 U.S.C. § 1988 in the amount of $98,680.00.

Where a plaintiff prevails in a civil rights action under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." 42 U.S.C. § 1988(b). "Although 'may allow' has a permissive ring to it, the Supreme Court has read [Section 1988] as mandatory where the plaintiff prevails and special circumstances are absent." *Deja Vu of Nashville, Inc. v. Metro Gov't of Nashville*, 421 F.3d 417, 420 (6th Cir. 2005) (citing *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 761 (1989)).

To be a "prevailing party," a party must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Granzier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Although Plaintiffs did not prevail on every claim they brought against the City of East Lansing, there is no dispute in this case that Plaintiff was a "prevailing party" and is entitled to the recovery of reasonable attorney fees.

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court determined that the most useful starting point for determining the amount of a reasonable fee is the "lodestar" approach – the number of hours reasonably expended multiplied by a reasonable hourly rate.

The reasonableness of the hours and rate is determined by considering twelve factors:

(1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

*Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005) (quoting *Reed*, 179 F.3d at 471-72 n. 3).

It is the burden of the attorney seeking compensation to provide "evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433. Courts are required to examine the claimed hours and exclude those hours that were not "reasonably expended." *Id.* at 434. Although counsel is not required to record in great detail how each minute of his time was expended, counsel should at least "identify the general subject matter of his time expenditures." *McCombs v. Meijer, Inc.* 395 F.3d 346, 360 (6th Cir. 2005) (quoting *Hensley* 461 U.S. at 437 n. 12). Under *Hensley* the attorney seeking compensation has "the burden of documenting the number of hours spent on the case and of maintaining records in a way that would allow a court to determine how much time was spent on each claim." *Moore v. Freeman*, 355 F.3d 558, 566 (6th Cir. 2004) (citing *Hensley*, 461 U.S. at 437).

Plaintiffs' attorney has requested fees at the rate of $250 per hour. Although Defendant concedes that this rate is consistent with the rate charged by attorneys in the area with the same years of practice, Defendant suggests that the rate should be decreased based upon Plaintiffs' attorney's admission that he had never tried a case in federal court. Defendant also suggests that the hours should be decreased because they include time spent litigating multiple federal and state claims against nine defendants, when the case only went to trial on a single claim against a single defendant.

Upon review the Court agrees that a substantial reduction in fees is appropriate. Plaintiffs' attorney is not experienced in trying cases in federal court, nor is he experienced in federal civil rights claims. That inexperience was reflected in the shotgun approach taken in the complaint, and the dismissal of all but one of Plaintiffs' claims. It is also reflected in Plaintiffs' filing of an untimely and unsuccessful motion to amend the complaint and Plaintiffs' current request for prejudgment interest and for duplicate attorney fees. The manner in which this case was presented necessitated the filing of multiple dispositive motions and the expenditure of significant judiciary time and resources in focusing the case and winnowing out the frivolous claims.

A substantial reduction in hours is also appropriate because of the inclusion of inadequately documented billing in large time blocks. Counsel's billing statement includes entries for a paralegal who billed 20 hours on one day for legal research, and 11 hours, 9 hours and 7 hours on other days. He also billed 8.5 hours on one day for meeting with clients. These entries lack sufficient specificity to enable the Court to determine whether the time spent was reasonable. Such inadequate documentation "makes it impossible for the court to verify the reasonableness of the billings, either as to the necessity of the particular service or the amount of time expended on a given task." *In re Samuel R. Pierce, Jr.*, 190 F.3d 586, 594 (D.C. Cir. 1999) (quoting *In re Sealed Case*, 890 F.2d 451, 455 (D.C. Cir. 1989)). Moreover, the length of time billed is not credible or reasonable. In fact, it appears

from these entries that Defendant is being billed for the paralegal/law student's education. The Court will accordingly strike all hours attributed to the paralegal.

Although there was necessarily substantial overlap in the factual development and the research for the claims against all of the Defendants, and although the time specifically spent on responding to the University Defendants' motions has not been billed, the billing statement still includes substantial time devoted to issues that did not concern the City. This includes time spent on correspondence and discovery concerning the University, as well as on researching the legal theories against the University and Fire Department Defendants and incorporating them into the drafting of the complaint. Given the lack of substance to many of Plaintiffs' legal claims, there is also necessarily time expended on frivolous claims against the City that the Court eventually dismissed. Although all of Plaintiffs' claims arose from a common incident, the facts and legal theories were different, and it would be an abuse of discretion to award attorneys' fees stemming from the severable claims. *Figueroa-Torres v. Toledo-Davila*, 232 F.3d 270, 278-79 (1st Cir. 2000).

Mr. Ray has requested fees for his time in the amount of $88,225.00. This represents 352.9 hours at $250 per hour. Based upon all the considerations recited above, the Court concludes that a reasonable attorneys' fee in this case is 275 hours at the rate of $175/hour, for a total $48,125.00. After adding in the mileage costs discussed in section I above in the amount of $331.72, the Court will award fees and costs under § 1988 in the amount of $48,456.72

8

## IV.

Finally, Plaintiffs have requested $35,480.00 in attorney fees as sanctions for Defendant's rejection of the case evaluation award. In support of this request Plaintiffs cite Local Rule 16.5(b)(i)(F) and M.C.R. 2.403(O)(1). Plaintiffs acknowledge that these requested fees duplicate the fees requested pursuant to 42 U.S.C. § 1988, but they contend that these fees are nevertheless recoverable because they serve a different purpose.

Plaintiffs request will be denied for a number of reasons. First, Plaintiffs have cited no authority, and the Court is aware of none, for awarding a party duplicate attorney fees. Second, Plaintiffs have cited to the current local rule rather than the local rule that was in effect on July 14, 2004, when the Court issued its order referring the parties to case evaluation. (Docket # 38). As of July 14, 2004, Local Rule 16.5(i) provided that the court "may tax reasonable attorneys' fees" only "[i]f all parties so stipulate in writing before the evaluation is rendered." There was no such stipulation in place, so Plaintiffs were not entitled to attorneys' fees under the Local Rule that was in effect. Third, Plaintiffs would not be entitled to attorneys' fees even under the current rule. The current rule provides for the award of attorneys' fees in "diversity tort cases where Michigan law provides the rule of decision." LOC. R. 16.5(b)(i)(F)(1). This was not a diversity case and federal law provided the rule of decision. Case evaluation is not mandatory in cases such as this, and in such cases "attorneys' fees will not be taxed for rejection of a case evaluation award." LOC. R. 16.5(b)(i)(F)(2).

9

In summary, the Court will tax costs in the amount of $4,469.34 and will enter an award of attorneys' fees and costs in favor of Plaintiff in the amount of $48,456.72. Plaintiffs' requests for prejudgment interest and for attorney fees as a case evaluation sanction will be denied.

An order consistent with this opinion will be entered.


Date:   December 20, 2005          /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE