UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHIE ALLISON, et al.,

       Plaintiffs,

                                    File No.  5:03-CV-156

v.

                                    HON. ROBERT HOLMES BELL

CITY OF LANSING,

       Defendant.
_____/

**O P I N I O N**

       This matter is before the Court on Plaintiffs' motion for attorney fees incurred in successfully defending the judgment in their favor on appeal.  The motion, which was filed in the Sixth Circuit, was remanded to this Court for consideration.  (Docket # 137). Defendant does not object to an award of fees, but contends that the requested fee must be reduced.

       The Court's primary concern in awarding attorney fees is that the fees be reasonable. *See Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir. 1999).  A reasonable fee is one that is adequate to attract competent counsel, but does not produce windfalls to attorneys.  *Blum v. Stenson*, 465 U.S. 886, 897 (1984).  To make the reasonableness determination the first determines the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate.  *Barnes v. Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005).  The burden

is on the party seeking an award of fees to provide "evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Plaintiffs' request for attorney fees proposes a billing rate of $175 per hour, the rate previously approved by this Court. (Docket # 119). Defendant does not object to this billing rate. However, Defendant does object to the proposed billing rate for law clerks. Defendant contends that Plaintiffs' request for $75 per hour for law clerks is unreasonable "considering the size of Plaintiff's firm and considering the fact that the law clerk is under the supervision of an attorney inexperienced in handling cases of this type." ((Def. Br. at 4). Defendant suggests that the billing rate should be reduced to $50 per hour.

According to Plaintiff's attorney, his previous law clerk, Jeffrey Sprys, and his current law clerk, Joshua Schimek, were both billed at the hourly rate of $75 per hour even though Mr. Sprys was an attorney when he worked on the appellate brief. (Pet. at ¶ 4). Under the circumstances this Court is satisfied that $75 per hour is a reasonable hourly rate for the law clerks. *See Soltysiak v. UNUM Provident Corp.*, 480 F. Supp.2d 970, 976 (W.D. Mich. 2007) (noting previous approval of $100 per hour for law clerks). *See also Michael v. Windsor Gardens, LLC*, No. 302CV321, 2005 WL 1320189 (E.D. Tenn., June 2, 2005) (authorizing $75 per hour for law clerks).

With regard to the number of hours billed, Defendant contends that certain time entries should be eliminated because they reflect work which is ministerial and/or clerical in nature. Specifically, Defendant requests the Court to eliminate 15.75 law clerk hours for

2

"work on proofing for errors, editing, adding appendix pages to brief citations," 7.5 attorney hours for "final work on brief and preparation," and 3 attorney hours for "review clerk editing, revise, print and mail Final Brief on Appeal to court and counsel."

It is not appropriate to award attorney fees for strictly clerical tasks. *See Doran v. Corte Madera Inn Best Western*, 360 F. Supp.2d 1057, 1062 (N.D. Cal. 2005) (noting that "clerical tasks should be included in attorney billing rates as overhead to run the office, not recoverable in a motion for attorney fees."); *Hall v. City of Clarksville*, No. 3:03-1229, 2006 WL 2038004 (M.D. Tenn. July 19, 2006) (reducing paralegal time attributable to clerical tasks); *Cook v. City of Norwood*, No. C-1-02-073, 2005 WL 2373877, *9 (S.D. Ohio Sept. 27, 2005) ("A reduction in the lodestar is also warranted for time that counsel devoted to the performance of administrative or clerical tasks.").

With respect to time billed for proofing, printing and mailing, the Court agrees with Defendant that these tasks are clerical in nature and should not be billed as professional fees. However, included in the same entries are time for editing and revising the appellate brief and cross-referencing to the appendix. Legal skills are necessary to the proper accomplishment of these tasks. In order to compensate for the professional tasks but not the clerical tasks, the Court will reduce the law clerk hours by 8 hours and will reduce the attorney hours by 2 hours.

In sum, the Court will award attorney fees as follows: 71.5 hours at $175 and 32.25 hours at $75, for a total award of $14,931.25.

An order consistent with this opinion will be entered.


Date:     July 19, 2007                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           CHIEF UNITED STATES DISTRICT JUDGE